IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20020
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FROYLAN ALVAREZ-CANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-572-1
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Froylan Alvarez-Cano ("Alvarez") appeals his conviction for illegal reentry into the United States after deportation following a conviction for an aggravated felony, a violation of 8 U.S.C. § 1326. He argues that the district court should have suppressed evidence of his prior administrative deportation because he was deprived of due process during that 8 U.S.C. § 1228 administrative deportation proceeding. He concedes that his argument is foreclosed by United States v. Benitez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Villafuerte</u>, 186 F.3d 651 (5th Cir. 1999), but he seeks to preserve his arguments for possible Supreme Court review.

In <u>Benitez-Villafuerte</u>, this court held that administrative deportation proceedings under 8 U.S.C. § 1228 comport with due process and that evidence of such deportation proceedings is admissible in a subsequent criminal prosecution under 8 U.S.C. § 1326.  186 F.3d at 654.  <u>Benitez-Villafuerte</u> is binding on this panel.  <u>See</u> <u>United States v. Ruff</u>, 984 F.2d 635, 640 (5th Cir. 1993).  Because Alvarez's appellate arguments are foreclosed by <u>Benitez-Villafuerte</u>, the judgment of the district court is AFFIRMED.